560 S.E.2d 418

**In the Matter of Former Newberry County Magistrate Charles M. RUSHTON, Respondent.**

No. 25419.

Supreme Court of South Carolina.

Submitted Jan. 29, 2002.

Decided Feb. 25, 2002.

---

Henry B. Richardson, Jr. and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

William P. Donelan, Jr., of Columbia, for respondent.

PER CURIAM:

In this judicial grievance matter, respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RJDE, Rule 502, SCACR. In the Agreement, respondent, a former magistrate for Newberry County, admits misconduct and consents to a public reprimand. We accept the Agreement and publicly reprimand respondent, the most severe sanction we are able to impose in

these circumstances. The facts as admitted in the Agreement are as follows.

### *Facts*

## I. Sheriff's Department Investigation

The Newberry County Sheriff's Department began a criminal investigation of a former narcotics officer. Respondent asked a Sheriff's Department investigator about the status of this investigation, and stated that he had learned about the investigation from a correctional officer at the Newberry County Detention Center. At least two Sheriff's Department officials told respondent that he should not inquire about the investigation.

Subsequently, respondent asked an employee at the Newberry County Central Court to relay a message to the former narcotics officer who was under investigation. Respondent stated that he did not think the officer would be treated fairly by the Newberry County Sheriff's Department, and he wanted to warn him about the status of the investigation. Respondent asked the employee to have the former narcotics officer telephone him at home. The court employee informed both her supervisor and the Newberry County Sheriff's Office of this conversation. The court employee tape-recorded a second conversation with respondent, in which he reiterated that he wanted to warn the former narcotics officer of the investigation.

## II. Failure to Follow Proper Procedure

Based upon a signed affidavit by the complainant, respondent issued an arrest warrant against an individual for simple assault. On the date of trial, the complainant was unable to appear, and respondent dismissed the case. Respondent then issued a warrant against the complainant for failure to appear in court. Respondent signed the warrant as both the affiant and the issuing judge, and asked a deputy to serve a photocopy of this warrant on the complainant. The Sheriff's Department contacted the Chief Magistrate because of concerns about the validity of the warrant. The Chief Magistrate advised the Sheriff's Department that the warrant was invalid. Accordingly, the Sheriff's Department refused to serve the

warrant. Both the Chief Magistrate and the Office of Court Administration informed respondent that the warrant was invalid, and that the proper procedure would be to issue a Rule to Show Cause against the complainant.

Unaware that the simple assault case had been dismissed, the complainant telephoned respondent to learn when the case would be tried. Respondent asked the complainant to come to his office, not disclosing to her either that the case had been dismissed, or that he had attempted to serve a warrant upon her. Upon arriving at respondent's office, the complainant was arrested. Respondent subsequently found the complainant guilty of contempt of court and sentenced her to fifteen days in jail. The complainant had not been served with a subpoena to appear at the simple assault trial, nor had she been served with a Rule to Show Cause. The circuit court granted the complainant's petition for a writ of habeas corpus, finding that respondent had not followed proper procedure in his treatment of the complainant, and did not have proper jurisdiction to sentence her for contempt of court.

### *Law*

By his actions, respondent has violated the following canons set forth in the Code of Judicial Conduct, Rule 501, SCACR: Canon 1(A) (a judge should participate in establishing, maintaining and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved); Canon 2(A) (a judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary); Canon 3(B)(2) (a judge shall not be swayed by partisan interests, public clamor, or fear of criticism); Canon 3(B)(8) (a judge shall dispose of all judicial matters promptly, efficiently, and fairly); Canon 3(E) (a judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned); and Canon 5(A)(1) (a judge shall refrain from inappropriate political activity). These violations also constitute grounds for discipline under the following Rule for Judicial Disciplinary Enforcement, Rule 502, SCACR: Rule 7(a)(1) (violation of the Code of Judicial Conduct).

### *Conclusion*

We accept the Agreement for a public reprimand because respondent has tendered his resignation to the Governor and because he has agreed not to hereafter seek another judicial position in South Carolina unless first authorized to do so by this Court. As previously noted, this is the strongest punishment we can give respondent given the fact that he has already resigned his duties as a magistrate. Accordingly, respondent is hereby publicly reprimanded for his conduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.